UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JESSE DEEDS,

      Petitioner,

                05 Cv. 5680 (CLB)

- against -

                *Memorandum and Order*

SUPERINTENDENT, EASTERN CORRECTIONAL
FACILITY,

      Respondent.
------------------------------------------------------------x

Brieant, J.

  By his Petition pursuant to 28 U.S.C. § 2254 docketed June 20, 2005 and received in the office of the *Pro se* Clerk on June 8, 2005, Mr. Jesse Deeds, a State prisoner seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

  He was convicted following a jury trial in Orange County Supreme Court (DeRosa, J.) of Rape in the First Degree under Count I, Assault in the Second Degree under Count V and Assault in the Third Degree under Count VI of the Indictment. As to all other Counts, Mr. Deeds was acquitted by the trial jury. Thereafter, on April 20, 2001, the County Court sentenced him to concurrent determinate terms of imprisonment of fifteen (15) years, seven (7) years and one (1) year, respectively.

  The conviction was affirmed on direct appeal (*People v. Deeds*, 180 3d 376 (2d Dept., 2003)) and leave to appeal to the New York Court of Appeals was denied on February 25, 2004 (*People v. Deeds*, 1 N.Y. 3d 626 (2004))

-1-

Copies mailed /handed/ faxed to counsel 01/26/06

Thereafter, Mr. Deeds, on April 26, 2004, filed a motion in the nature of *coram nobis* which was denied (*People v. Deeds,* 880 A.D. 3d 585 (2004)). Leave to appeal from the denial of the writ of *error coram nobis* was denied by the New York Court of Appeals on November 30, 2004 (*People v. Deeds*, 3 N.Y. 3d 756). This Petition is timely.

In his Petition before this Court, Mr. Deeds initially raises the following grounds, also raised in the Appellate Division: (1) the trial court failed to adequately charge the jury; (2) Defendant was denied the effective assistance of trial counsel; (3) the trial court erred in not granting Defendant's individual motion to dismiss; (4) trial court erred in failing to follow its *Sandoval* ruling; and (5) Defendant's sentence was harsh and excessive. He also supplemented his Appellate counsel's brief by a *pro se* brief which he also argued that the trial court erred by (1) failing to apply the ruling it made at the *Sandoval* hearing during trial; (2) ineffective assistance of counsel; and (3) prosecutorial misconduct. Petitioner does not pursue his claim that the interested witness jury charge was inadequate and he has abandoned his charge of prosecutorial misconduct in summation. *See* Footnote 14 of Page 29 of Reply Memorandum filed January 17, 2006.

Later in his Petition, his contentions were amplified by asserting that the trial counsel failed to object to the Court's erroneous reasonable doubt charge and "opened the door" during Petitioner's direct trial testimony to cross-examination concerning prior criminality which the trial court had ruled could not otherwise have been elicited.

On direct appeal, the Court expressly considered only the contention that the evidence was legally insufficient to establish guilt beyond a reasonable doubt, which it rejected, and found that the verdict was not against the weight of the evidence, and that the sentence was not excessive. The latter issue does not arise to the level of a Constitutional violation for purpose of these proceedings. The Appellate Division concluded by holding that "the defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for Appellate review or without merit."

On June 21, 2004, the Appellate Division rejected Petitioner's claim for a writ of *error coram nobis* to vacate the conviction on the ground of ineffective assistance of counsel, and determined without express analysis that Appellant had failed to establish that he was denied the effective assistance of Appellate counsel.

This Court's independent analysis confirms that the adjudication of the State Court was not contrary to and did not involve an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings. The objection to the reasonable doubt charge is directed towards that portion of the boilerplate to the effect that the term beyond a reasonable doubt "does not require the People to prove this Defendant guilty beyond all possibility of a doubt or beyond a shadow of a doubt." No objection was taken at the time. The totality of the jury instructions was sufficient in this Court's opinion to satisfy the obligation of the Court to instruct the jury. The instruction is adequate, and

substantially in accord with the Pattern Criminal Jury Instructions (CJI) endorsed by the New York State Appellate Courts. There was no Constitutional violation in connection with this issue.

The proof of guilt in this case, as will be noted below, is overwhelming, and no prejudice resulted from any claimed failure by the attorney to object to the charge, which was on the whole fair and balanced. The boilerplate finding that the remaining contentions are either unpreserved or without merit, constitutes an adjudication on the merits, and that adjudication is not contrary to nor does it involve an unreasonable interpretation or application of clearly established Federal law.

The claim for ineffective assistance of trial counsel seems to be limited to the dispute over the reasonable doubt charge and the tactical decision made by the attorney to ask the Petitioner on direct examination for underlying detail about his prior convictions. This is an acceptable trial strategy, because it is generally believed by experienced lawyers that raising the issue up front by the attorney sponsoring the witness is better than waiting for it to be brought out by cross-examination. The interrogation went beyond the *Sandoval* ruling because the defense counsel identified the underlying facts of the conviction rather than the mere statutory designation, date and penalty imposed which is ordinarily the manner which prior felony convictions are elicited. There is no showing that this was ineffective assistance. The criminality was comparatively minor, and to explain that at least one of his prior convictions had to do with the same victim (his girlfriend of five years) avoided possible speculation on the part

of the jury that his prior criminality might have been more serious or had to do with other persons. To the extent that the Petitioner may have answered in a false or evasive manner thereby opening up cross-examination, this misconduct cannot be chargeable to the attorney.

While there is no *Sparman* affidavit in the case, because trial counsel is now deceased, the entire record suggests that defense counsel made timely and appropriate pretrial motions, raised appropriate objections and cross-examined effectively. The attorney presented a cogent and effective defense and beat several of the Counts in the Indictment. Here again, the State's rejection of the ineffective assistance of counsel claim is not an unreasonable application of or contrary to clearly established Federal law.

The proof at trial shows that the victim (hereinafter Lisa) was acquainted with the Petitioner for more than five years prior to the crime. They had dated and lived together at various times and had a daughter together whose name was Shannon. Lisa stopped dating the Petitioner in December of 1998 after he had been arrested and convicted on his plea of guilty to a prior sexual assault upon her. She applied for and was granted full custody of Shannon and a Child Support Order.

Thereafter, in about April 2000, Petitioner and Lisa began dating again and he eventually moved his personal belongings into her apartment in Washingtonville, New York. On August 3, 2000, after the parties had attended a child support hearing and had returned to Lisa's apartment at about 1:00 P.M., (concealing together from the Hearing Examiner that they had resumed living
-5-

living together). Petitioner left and returned at approximately 2:30 P.M. He had been drinking alcohol. An argument ensued. The Police were called and Petitioner told the Police he would leave for the night, and stop at the Police Station on his way back in the morning to have them accompany him to Lisa's apartment to pick up his belongings. He told the Police Officer that he did not want any trouble with the Police and if they wanted him to leave (the apartment) he would do so.

Petitioner returned alone to the apartment later that night, having appeared to have consumed more alcohol. He then committed forcible rape. Lisa made a prompt outcry and the Police arrived at the apartment at approximately midnight. The Police photographed considerable bruises and abrasions on various parts of her body. Lisa's allegations were substantiated by a forensic medical examination. Petitioner hid in a closet and was not found by Police.

The defense case consisted of attributing certain of the bruises and other injuries to events prior in time. Petitioner testified and denied certain of the allegations, but conceded that there had been an argument followed, he said, by consensual intercourse followed again by another argument and fight. He conceded that when the Police arrived, he had hid in a closet and that the Police never opened the closet door. The evidence introduced at trial was adequate to support the jury verdict on the counts of conviction.

Petitioner's claim that his stepmother's testimony was improperly excluded has not been

passed upon by the New York Courts and does not appear to be a basis for Constitutional error. The affidavit of Margaret M. Deeds sworn to January 6, 2006 is attached to Petitioner's Reply Affidavit and purports to set forth what she would have testified to at trial if permitted to do so. That affidavit does not contain any competent evidence which would have been admissible at trial.

Petitioner's claim with respect to the inadequate assistance of Appellate counsel in failing to allege ineffective assistance of trial counsel has also not been exhausted. Since this Court concludes that trial counsel was not ineffective within the *Strickland* rule, there can be no issue of ineffective assistance on appeal.

For the foregoing reasons, the Petition is denied. The Court declines to issue a Certificate of Appealability, because no Constitutional issues are presented deserving of Appellate review. Petitioner may continue to proceed *in forma pauperis*. The Clerk shall file a final judgment.

X

        X

                X

                        X

SO ORDERED.

Dated: White Plains, New York
      January 26, 2006

                                                          Charles L. Brieant, U.S.D.J.